19    2968

CMR

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1000 Follies Road, Dallas, PA 18612 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/08/2019 _____ *Dan McG* _____   _____
                    *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☑ 8. Habeas Corpus   2254
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*


CMR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## **CASE MANAGEMENT TRACK DESIGNATION FORM**

Kennedy                              :        CIVIL ACTION
                                     :
                v.                   :
                                     :        NO. **19      2968**
Ransome, et. al.                     :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        **2254** (☒)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        (☐)

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        (☐)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        (☐)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.        (☐)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (☐)

JUL - 8 2019                 *Dail McGrul*              _____
_____          _____       Attorney for
**Date**                     **Deputy Clerk**

_____          _____       _____
**Telephone**                **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02



PAE AO 241
(Rev. 05/2018)

Page 4

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| **Name (under which you were convicted):** Chal Kennedy, Jr. | **Docket or Case No.:** 19 2968 |
| **Place of Confinement:** SCI DALLAS | **Prisoner No.:** LH6819 |
| **Petitioner** (Include the name under which you were convicted): Chal Kennedy, Jr. | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner): Kevin Ransome |
| | and |
| v. | The District Attorney of the County of: LARRY KRASNER |
| | and    Josh Shapiro |
| | The Attorney General of the State of: _____ |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of Common Please Philadelphia County

    (b) Criminal docket or case number (if you know): CP-51-CR-0015288-2009

2.  (a) Date of judgment of conviction (if you know): _____

    (b) Date of sentencing: December 17, 2013

3.  Length of sentence: 10 - 20 years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: Aggravated Assault (3-6 years), Robbery Threat immed. Serious Injury (5-10 years), Crim. Conspiracy Engag. Robbery Threat (3-6 years), Burglary (3-6 years), Unlawful Restraint Ser. Bodily Injury (3-6 years),

JUL - 8 2019

PAE AO 241
(Rev. 05/2018)

6.    (a)  What was your plea?  (Check one)

☑ (1)    Not Guilty                    ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty                        ☐ (4)    Insanity plea

(b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what
did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c)  If you went to trial, what kind of trial did you have? (Check one)

☑ Jury            ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes            ☑ No

8.    Did you appeal from the judgment of conviction?

☐ Yes            ☑ No

9.    If you did appeal, answer the following:

(a)  Name of court: _____ No direct appeal was taken _____

(b)  Docket or case number (if you know): _____

(c)  Result: _____

(d)  Date of result (if you know): _____

(e)  Citation to the case (if you know): _____

(f)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(g)  Did you seek further review by a higher state court?

☐ Yes            ☐ No

PAE AO 241
(Rev. 05/2018)

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes          ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes          ☐ No

10. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Court of Common Please

(2) Docket or case number (if you know): CP-51-CR-0015288-2009

(3) Date of filing (if you know): November 3, 2014

(4) Nature of the proceeding: PCRA

(5) Grounds raised: Violation of Speedy trial rights,

ineffective assistant of Counsel, For Failing to

litigate omnibus motion (Motion to Dismiss pursuant

to Rule 600

PAE AO 241
(Rev. 05/2018

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☑ No

(7)  Result: _Petition  dismissed_____

(8)  Date of result (if you know): __12/12/17_____

(b)  If you filed any second petition, application, or motion, give the same information:

(1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  If you filed any third petition, application, or motion, give the same information:

(1)  Name of court: _____

(2)  Docket or case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

PAE AO 241
(Rev. 05/2018)

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7)  Result: _____

(8)  Date of result (if you know): _____

(d)  Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

| | | | |
|---|---|---|---|
| (1)  First petition: | ☑ Yes | ☐ | No |
| (2)  Second petition: | ☐ Yes | ☐ | No |
| (3)  Third petition: | ☐ Yes | ☐ | No |

(e)  If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____
_____

11.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner was deprived of his speedy trial to the Sixth Amendent to the United States Constitution

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1,520 days elapsed from arrest to commencement of trial, the government is the reason for delay, Petitioner asserted his right to a speedy trial, and he suffered prejudice.

_____
_____

PAE AO 241
(Rev. 05/2018)

(b)  If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground One:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

   ☐ Yes      ☐ No

   (2)  If you did not raise this issue in your direct appeal, explain why?  *No Direct Appeal*

   _____

   *Taken*

(d)  **Post-Conviction Proceedings:**

   (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes      ☐ No

   (2)  If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:  *Post conviction ( PCRA )*

   Name and location of the court where the motion or petition was filed:  *Court of Common Pleas*

   Docket or case number (if you know):  *CP-51-CR-0015288*

   Date of the court's decision:  *12/12/17*

   Result (attach a copy of the court's opinion or order, if available):  *Appendix B*

   (3)  Did you receive a hearing on your motion or petition?      ☐ Yes    ☑ No

   (4)  Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

   (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   ☐ Yes      ☐ No

   (6)  If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:  *Pennsylvania Superior Court*

   Docket or case number (if you know):  *533 EDA*

   Date of the court's decision:  *10/26/2018*

PAE AO 241
(Rev. 07/10)

Result (attach a copy of the court's opinion or order, if available): __APPENDIX A__

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes      ☐ No

PAE AO 241
(Rev. 07/10)

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d)  Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☐  Yes    ☐   No

   (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: _____

      Name and location of the court where the motion or petition was filed: _____

      _____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

      _____

   (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐  No

   (4) Did you appeal from the denial of your motion or petition?   ☐ Yes    ☐  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

       ☐ Yes    ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: _____

      _____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

      _____

      _____

   (7) If your answer to Question (d)(4) or Question (d)(5) is  "No," explain why you did not raise this issue: _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b)  If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☐ No

(2)  If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

PAE AO 241
(Rev. 07/10)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

PAE AO 241
(Rev. 07/10)

_____

_____

_____

\

(b)    If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

     (1)   If you appealed from the judgment of conviction, did you raise this issue?

         ☐ Yes      ☐ No

     (2)   If you did not raise this issue in your direct appeal, explain why? _____

         _____

         _____

(d)   **Post-Conviction Proceedings:**

     (1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes      ☐ No

     (2)   If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition: _____

         Name and location of the court where the motion or petition was filed: _____

         _____

         Docket or case number (if you know): _____

         Date of the court's decision: _____

         Result (attach a copy of the court's opinion or order, if available): _____

         _____

     (3)   Did you receive a hearing on your motion or petition?      ☐   Yes      ☐   No

     (4)   Did you appeal from the denial of your motion or petition?      ☐   Yes      ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

12.     Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

☐ Yes          ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

13.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

14.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☐ Yes        ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

15.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _James Marsh Esq_____

(b) At arraignment and plea: _James Marsh Esq_____

_____

PAE AO 241
(Rev. 07/10)

(c) At trial: _James Marsh Esq_

(d) At sentencing: _James Marsh Esq_

(e) On appeal: _Direct appeal never taken_

(f) In any post-conviction proceeding: _David Rudinstien_

(g) On appeal from any ruling against you in a post-conviction proceeding: _AARONE FINESTONE 615 West Ellet Street Phila, PA 19119_

16.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes    ☑ No

(a)  If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes    ☑ No

17.    **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*

PAE AO 241
(Rev. 07/10)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Dismiss Charges and discharge Petitioner or remand case to Court of Common Pleas for an evidentiar hearing

or any other relief to which petitioner may be entitled.

_____

*Signature of Attorney (if any)*

PAE AO 241
(Rev. 07/10)

Page 19

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___06 / 30 / 2019___ .
(month, date, year)

Executed (signed) on ___06 / 29 / 2019___ (date).

_____
Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

_____

_____

J-S48030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAL KENNEDY | : | |
| | : | |
| Appellant | : | No. 533 EDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015288-2009

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 26, 2018**

Chal Kennedy (Appellant) appeals from the order dismissing his petition
filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-
9546. We affirm.

Because the issue Appellant raises in this appeal relates to Rule 600 of
the Pennsylvania Rules of Criminal Procedure, a recitation of the facts
underlying his convictions is unnecessary. It suffices to say that Appellant's
convictions stem from a home invasion that occurred on August 17, 2009. On
October 23, 2013, a jury found Appellant guilty of aggravated assault,
robbery, burglary, criminal conspiracy, unlawful restraint, violations of the
Uniform Firearms Act, and possession of an instrument of crime. On
December 17, 2013, the trial court sentenced Appellant to 10 to 20 years of
incarceration. Appellant did not file a direct appeal.

APPENDIX A

---

* Retired Senior Judge assigned to the Superior Court.

J-S48030-18

On November 3, 2014, Appellant filed a timely PCRA petition. Of relevance, Appellant argued that trial counsel was ineffective for failing to file a Rule 600 motion to dismiss on Appellant's behalf. The PCRA court appointed counsel, who subsequently filed a petition to withdraw and no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On December 15, 2016, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On January 20, 2017, the PCRA court formally dismissed Appellant's PCRA petition and granted PCRA counsel's petition to withdraw. Appellant timely appealed[1] to this Court.[2]

On September 17, 2018, this panel affirmed the order dismissing Appellant's PCRA petition, concluding that because Appellant represented himself at trial and litigated a Rule 600 motion, he could not challenge his standby counsel's failure to do so through the PCRA. On September 26, 2018, Appellant filed an application for reargument in which he alleged that this Court confused Appellant with his father, who has the same name – "Chal Kennedy" – and was Appellant's co-defendant at trial. Appellant's father

---

[1] On March 9, 2017, the PCRA court appointed counsel to represent Appellant on appeal.

[2] Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

- 2 -

J-S48030-18

represented himself, and litigated a Rule 600 motion.  Appellant clarified that he was represented by counsel at trial, and that he did not file a Rule 600 motion.  Upon review, we determined that this Court did indeed confuse Appellant, Chal Kennedy, with his father and co-defendant, Chal Kennedy, in our prior memorandum.  Accordingly, we granted panel reconsideration of Appellant's appeal.[3]  We now reconsider Appellant's claims.

Appellant presents the following issues for review:

1.     Was trial counsel ineffective for failing to litigate the Omnibus Motion (Motion to Dismiss pursuant to Rule 600, Pa.R.Crim.Pro.)?

2.     Did the Commonwealth fail to exercise due diligence in bringing [Appellant] to trial pursuant to Rule 600, Pa.R.Crim.Pro?

Appellant's Brief at 4.

Because Appellant's issues are related, we address them together.  "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).  "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]"  **Id.**

---

[3] "The members of the merits panel may vote to grant panel reconsideration, grant *en banc* reargument, or deny any such application."  I.O.P. 65.38(C).

- 3 -

J-S48030-18

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Id.*** (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

Appellant argues that trial counsel was ineffective for failing to pursue a Rule 600 motion to dismiss the charges against him. Rule 600 was designed "to prevent unnecessary prosecutorial delay in bringing a defendant to trial." ***Commonwealth v. Brock***, 61 A.3d 1015, 1021 (Pa. 2013). Rule 600 provides, in pertinent part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*     \*     \*

J-S48030-18

### (C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(1), (2)(a), (C)(1).

For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded.

*Commonwealth v. McCarthy*, 180 A.3d 368, 375 (Pa. Super. 2018) (citation omitted), *appeal denied*, _____ A.3d._____, 2018 WL 4214515 (Pa. Sept. 5, 2018).

Appellant's ineffective assistance of counsel claim lacks merit. Although Appellant was arrested and charged in this matter on August 18, 2009 and he

J-S48030-18

did not stand trial until October 15, 2013 (1520 days) – well beyond the mechanical run date under Rule 600(A) – only 16 days of the delay are attributable to the Commonwealth. **See** Trial Court Opinion, 12/12/17, at 4. Thus, any Rule 600 motion would have failed. Indeed, Appellant can only attribute directly to the Commonwealth the delays from April 1, 2010 to April 9, 2010 (the assigned Assistant District Attorney was unavailable) and December 6, 2010 to December 14, 2010 (the Commonwealth requested a continuance for further investigation of Appellant's case). **See** Appellant's Brief at 20-21.

Appellant attempts to attribute to the Commonwealth the delays from March 11, 2013 to June 3, 2013 (a continuance resulting from a Commonwealth witness who was in state custody and not available for trial) and from June 3, 2013 to October 15, 2013 (a continuance that occurred because Appellant was in custody in another county and not available for trial). Appellant asserts that the Commonwealth did not exercise due diligence to ensure that either he or the witness were in court on the necessary dates. At Appellant's trial, however, the court specifically noted for the record that the Commonwealth took all of the procedural steps necessary to have the witness in court on the pertinent date, and thus, there was no lack of diligence on the part of the Commonwealth. N.T., 10/22/13, at 8-9, 219. Appellant points to no evidence refuting this determination. Appellant also provides no explanation as to what the Commonwealth failed to do or should have done

- 6 -

J-S48030-18

to ensure that he was in court on the relevant date when he was in custody in another county. Because Appellant cannot demonstrate a lack of diligence on the part of the Commonwealth with respect to these dates, the delays are not attributable to the Commonwealth. *See McCarthy*, 180 A.3d at 375.

Finally, the record reveals that a substantial portion of the delays associated with the commencement of trial in this case stem from a busy court calendar, which Appellant attempts to attribute to the Commonwealth because "[t]here is no indication that the Commonwealth did anything to get the case listed sooner or find another judge or courtroom." Appellant's Brief at 21. It is well-settled, however, "that the Commonwealth cannot control the schedule of the trial courts and that therefore [j]udicial delay can support the grant of an extension of the Rule [600] rundate." *Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa. Super. 2007) (quotations and citations omitted); *see also Commonwealth v. Preston*, 904 A.2d 1, 14 (Pa. Super. 2006) (*en banc*) (concluding that judicial delay justifies postponement of trial where "the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like'"). There is no indication in the record of any instance where Appellant could attribute these delays to the Commonwealth not being prepared to commence trial.

In sum, the record reflects that only 16 days of delay were attributable to the Commonwealth, such that there is no merit to Appellant's claim that

J-S48030-18

trial counsel was ineffective for failing to file a Rule 600 motion.  Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Appellant's PCRA petition.

Order affirmed.Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/18

FILED

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA** DEC 1 2 2017
**CRIMINAL DIVISION**

Office of Judicial Records
Appeals/Post Trial

COMMONWEALTH OF PENNSYLVANIA : PHILA NO. CP-51-CR-0015288-2009

                                        :

          v.                            :   CP-51-CR-0015288-2009 Comm. v. Kennedy, Chal
                                            Opinion
                                        :
                                            ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
                                        :   8041242571

     CHAL KENNEDY, JR.                   :


## OPINION

**Coleman, R.**                                    **DATE:** 11 8 17

## I. PROCEDURAL HISTORY

Chal Kennedy, Jr. ("Appellant") was arrested and charged with aggravated assault, burglary and related offenses stemming from a home invasion that occurred on August 17, 2009. Appellant and his co-defendant father elected to be tried by jury. Appellant was represented at trial by James Marsh, Esquire. Trial commenced on October 15, 2013 with the Honorable Genece Brinkley of the Philadelphia Court of Common Pleas presiding. The jury returned a guilty verdict on October 23, 2013. Appellant was found guilty of aggravated assault, robbery, burglary, criminal conspiracy, unlawful restraint, violations of the Uniform Firearms Act, and possession of an instrument of crime. Appellant was sentenced to 10 to 20 years on December 17, 2013 which he is currently serving at SCI Frackville. No appeal was filed, however, Appellant filed a timely PCRA Petition. David Rudenstein, Esquire was appointed as PCRA counsel. Mr. Rudenstein filed a Finely letter and the Honorable Robert Coleman denied the PCRA petition. Appellant filed a pro-se notice of appeal to the Superior Court and Aaron

APPENDIX B

Finestone, Esquire was appointed to represent the Appellant.

## II. ISSUE PRESENTED BY DEFENDANT

In his Statement of Errors, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Appellant alleges, through his counsel Aaron Finestone, *verbatim* the following on appeal:

1. Trial counsel, Mr. Marsh was ineffective for waiving or failing to litigate the Rule 600 motion.

2. Trial counsel was ineffective for failing to make a record on the Rule 600 motion.

3. Had a Rule 600 motion been granted, the Trial Court would have found that the Defendant's speedy trial rights had been violated. Accordingly, the Trial Court would have dismissed the charges.

4. The Defendant's speedy trial rights under Rule 600 were violated.

5. PCRA counsel, Mr. Rudenstein, was ineffective for failing to pursue the Rule 600 motion, thereby waiving the issue.

6. PCRA counsel was ineffective for filing a deficient, defective and inadequate Finley letter. PCRA counsel failed to develop the Rule 600 motion, thereby waiving the issue.

7. This Honorable Court erred in dismissing the PCRA Petition on grounds related to violation of Rule 600 and ineffective assistance of trial counsel and PCRA counsel.

8. This Honorable Court should have independently reviewed the Rule 600 motion and dismissed the charges.

## III. FACTS

Appellant was arrested along with his co-defendant father and charged with a variety of

crimes stemming from a home invasion robbery that occurred at 2027 Bucknell Street,

Philadelphia on August 17, 2009. At trial, Police Officer Charles Yeager testified that on August

17, 2009 at approximately 2:20 pm, he was on patrol with Police Officer Daniel Rippert and was

flagged down by a pedestrian who reported that two armed men were holding his friend inside of

the house. Notes of Testimony from Jury Trial, October 21, 2013, at 13-15. Officer Yeager

knocked on the front door of the house, and a man who lived at the house, later identified as

Kahim Welton, opened the door. Mr. Welton pointed to Appellant's father, who was then seated

on the living room couch, who yelled he had a gun. *Id.* at 18. Mr. Welton screamed that the gun

was under a couch cushion. *Id.* Officer Yeager, along with other responding officers, rushed

into the house, handcuffed Appellant's father and recovered a fully loaded gun under the couch

cushion where Appellant's father had been seated. *Id.* at 20.

Mr. Welton yelled that there was another person upstairs, and Officer Yeager proceeded up

the steps. *Id.* at 22. At the top of the steps, Yeager saw Takia Nichols, who lived at the house

with Mr. Welton, along with her three minor children, in the corner of a bedroom. *Id.* at 23.

Officer Yeager began looking for the suspect and noticed a bedroom window at the back of the

house was open. *Id.* at 24. A short time later, Officer Rippert reported over the police radio that

a male suspect, who was later identified as Appellant, had been taken into custody in the

backyard. *Id.* Officer Rippert searched Appellant and recovered two watches and a bracelet,

which belonged to Ms. Nichols. *Id.* at 76-79. Officer Yeager also recovered a military-style

Kevlar vest from the back bedroom. *Id.* at 40-41. Welton told Yeager the men had forced their

way into the house at gunpoint, restrained him, and searched the house. *Id.* at 60.

## IV. DISCUSSION

### a. This Court properly denied Appellant's PCRA motion because Appellant's rights to a speedy trial were not violated.

Rule 600 requires that a trial commence within 365 days of filing a criminal complaint against the defendant or the charges must be dismissed with prejudice. Courts have made it clear that when the Commonwealth has exercised due diligence, any "excusable delay" is to be excluded from the computation of time. In *Commonwealth v. Hunt,* the Superior Court explained that "'[e]excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite it's due diligence." *Commonwealth v. Hunt,* 858 A.2d 1234, 1241 (Pa. Super. 2004). Thus, the inquiry in determining whether there is a violation of the time period under Rule 600, is whether the delay is caused solely by the Commonwealth and if the Commonwealth failed to exercise due diligence. *See, e.g., Commonwealth v. Dixon,* 589 Pa. 28, 907 A.2d 468 (2006). Due diligence is a fact-specific inquiry, with the standard being that the Commonwealth has made a reasonable effort to avoid delays. *See, e.g., Commonwealth v. Selenski,* 606 Pa 51, 61, 994 A.2d 1083, 1089 (Pa. 2010) (citing *Commonwealth v. Hill* and *Commonwealth v. Cornell,* 558 Pa. 238, 256, 736 A.2d 578, 588 (1999)).

Reviewing the docket entries shows that there is no Rule 600 violation. The only delays attributable to the Commonwealth were for a delay due to an ADA's unavailability made on April 1, 2010 with the next court date taking place on April 9, 2010. The Commonwealth made a request for further investigation beginning on December 6, 2010 and ending on December 14, 2010. At most, 16 days are attributable to the Commonwealth. Though trial did not begin until October 2013 and Appellant had been arrested in August 2009, the delays in trial commencement other than those listed above, are not attributable to the Commonwealth. Thus,

this Court does not find that Rule 600 was violated by the Commonwealth and subsequently rejects Appellant's claim.

### b. Neither trial counsel nor PCRA counsel were ineffective for failing to litigate the Rule 600 motion as there was no Rule 600 violation.

The law presumes that counsel was effective, and therefore, the defendant carries the burden of ineffectiveness. *Commonwealth v. Baker*, 614 A.2d 663, 673 (Pa. 1992). To succeed on a claim of ineffective assistance of counsel, the defendant must show (1) whether counsels representations fell below the standard of care, (2) whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and (3) prejudice against the defendant. *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

Counsels' representations did not fall below the standard of care because there were no violations of Rule 600. Appellant alleges both his trial counsel and PCRA counsel were ineffective as they failed to raise a Rule 600 motion. The first prong for the effectiveness of counsel cannot be met because as discussed above, there were no significant delays attributable to the Commonwealth that violated Appellant's rights to a speedy trial. Therefore, neither trial counsel nor PCRA counsel could have raised a Rule 600 motion and were not ineffective.

## V. CONCLUSION

For the above stated reasons the judgment of this Court should be upheld and Appellant's claims should be denied.

Coleman, R.